

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIMYKA BOLDEN** <br> 143 Stocks Circle <br> West Point, GA  31833 <br> **Plaintiff** <br><br> v. <br><br> **THE BOEING COMPANY** <br> 100 North Riverside Plaza <br> Chicago, IL  60606 <br><br> and <br><br> **BOEING COMMERCIAL AIRPLANES** <br> 1901 Oakesdale Avenue SW <br> Renton, WA  98055 <br> **Defendants** | 19   4453 <br><br><br> NO.: <br><br><br><br> JURY TRIAL DEMANDED <br><br> FILED <br> SEP 25 2019 <br> KATE BARKMAN, Clerk <br> By_____ Dep. Clerk |

## COMPLAINT

## PARTIES

1. Plaintiff Timyka Bolden is an adult individual and citizen at the State of Georgia.  At all times material hereto, Plaintiff was employed as an American Airlines flight attendant based out of Philadelphia, Pennsylvania.

2. Defendant The Boeing Company (hereinafter referred to as "Boeing") is a corporation or other legal entity organized and existing under the laws of the State of Delaware with its principal place of business located at 100 North Riverside Plaza, Chicago, IL  60606.  Defendant Boeing is registered with the Pennsylvania Department of State to conduct business in the Commonwealth of Pennsylvania and/or may be served within the Commonwealth at Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA  17110.

3. Defendant Boeing Commercial Airplanes (hereinafter referred to as "BCA") is a subsidiary of Boeing and is a corporation or other legal entity organized and existing under the laws of the State of Delaware with its principal place of business located at 1901 Oakesdale Avenue SQ, Renton, WA 98055.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties. Defendants' principal places of business are not in Georgia where Plaintiff resides.

5. Additionally, Defendants are subject to jurisdiction in the Eastern District of Pennsylvania because Defendants conduct substantial regular business and earn substantial revenue from the business conducted within the Eastern District.

6. Venue for this action is proper in this Court under 28 U.S.C. §1391 as the events giving rise to Plaintiff's claims occurred within the territorial limits of the United States District Court for the Eastern District of Pennsylvania.

7. Upon information and belief the Defendants committed torts within the Eastern District of Pennsylvania which give rise to this claim.

8. Defendants maintain sufficient minimum contacts with the Commonwealth of Pennsylvania by regularly and continuously conducting business inside this forum and availing themselves of business opportunities herein.

9. As a result, personal jurisdiction over each Defendant is proper pursuant to the Due Process Clause of the United States Constitution and controlling Supreme Court opinions in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

## FACTS

10. The subject airplane involved in Plaintiff's accident is a 737 Boeing 800 with FAA registration number N868NN and was American Airlines flight which originated in Philadelphia, Pennsylvania on December 3, 2018.

11. On information and belief, prior to departing Philadelphia International Airport on December 3, 2018, the subject plane, including the interior cabin, was allegedly inspected, serviced and

maintained in Philadelphia.

12. On or about December 3, 2018 at approximately 9:30 a.m. at O'Hare Airport in Chicago, Illinois Plaintiff, a flight attendant, unlatched an overhead bin in the first class section of flight 114 when, due to the defective and dangerous condition of the overhead bin and/or its components, the bin suddenly flew open causing a stowed laptop computer to fly out and strike Plaintiff in her left eye causing loss of the eye, blindness and other personal injuries as set forth at length below.

13. The said overhead bin and/or its components involved in this accident were designed, assembled, produced, installed, manufactured, distributed, sold and/or were placed into the stream of commerce by Defendants and were intended by said Defendants to be used by the public, such as Plaintiff.

14. At all times relevant hereto, Defendants were acting through their agents, servants and/or workmen who were acting within the scope of their authority and within the course of their employment.

15. Prior to the time of Plaintiff's accident, Defendants knew or should have known that the subject overhead bin was not safe for its intended use and posed a safety issue to members of the public in general and Plaintiff in particular.

16. At all times material hereto the Plaintiff was using the overhead bin in the manner it was intended to be used and the accident was due in no manner to any act or failure to act on the part of Plaintiff.

## COUNT I - STRICT LIABILITY
### Plaintiff Timyka Bolden v. Defendants The Boeing Company and Boeing Commercial Airplanes

17. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 16 above as though the same were set forth more fully at length.

18. Defendants are strictly liable in tort to Plaintiff.

19. At the time and place aforesaid, defendants, through their agents, servants, workmen, and employees, acting within the scope of their authority and within the course of their employment, breached their duties and obligations as designers, manufacturers, producers, marketers, sellers,

installers, assemblers and/or distributors of the overhead bin and its component parts involved herein under Section 402(a) of the Restatement of the Law of Torts Second in inter alia:

   a. manufacturing, designing, producing, assembling, installing, selling and/or distributing the overhead bin and its component parts that were unreasonably dangerous at the time of its original manufacture and sale;

   b. manufacturing, designing, producing, assembling, installing, selling and distributing the overhead bin and its component parts that were unsafe and defective in its design and manufacture;

   c. failing to properly design, manufacture, assemble, install, inspect, test, service, distribute and/or sell the overhead bin and its component parts such as the one in question;

   d. failing to use reasonable care in the design, manufacture, inspection, testing, servicing, assembling, installing, distributing and/or sale of the overhead bin and its component parts such as the one in question;

   e. failing to discover the defects and lack of safety in said overhead bin and its component parts;

   f. failing to design a safe overhead bin and its component parts;

   g. failing to design a safe alternative storage for first row passengers' items;

   h. failing to make reasonable inspection of said overhead bin and its component parts;

   i. failing to maintain the overhead bin and its component parts;

   j. failing to properly install the overhead bin and its component parts;

   k. failing to test the overhead bin and its component parts;

   l. failing to remove the overhead bin and its component parts from service prior to departing Philadelphia International Airport on December 3, 2018;

   m. failing to follow recommended inspection procedures;

   n. failing to warn plaintiff and/or users of the defects in said overhead bin and its component parts;

   o. failing to take reasonable and appropriate measures to ensure the overhead bin and its component parts were free of design and/or manufacturing and/or maintenance defects;

   p. failing to issue repair, maintenance and/or recall notices for the overhead bin and its components;

   q. failing to issue proper maintenance instructions;

   r. failing to make necessary design changes to the overhead bin and/or its component parts; and

  s. failing to comply with the Federal and State Statutes, Administrative Regulations promulgated pursuant thereto pertaining to the design, manufacture, production, sale, distribution, assembly and/or maintenance of the overhead bin and its component parts such as the one involved herein.

20. By reason of the failure of Defendants to conform to their obligations and duties as the designers, manufacturers, promoters, assemblers, producers, installers, sellers, and/or distributors of the overhead bin and its component parts in question under Section 402(a) of the Restatement of the Law of Torts Second as hereinbefore alleged, Plaintiff was caused to sustain serious injuries which are permanent in nature including, but not limited to loss of left eye, left eye blindness, disfigurement, need for prosthetic eye, cosmetic injury and post-traumatic anxiety reaction and other injuries as yet undetermined.

21. As a direct and proximate result of the injuries sustained, Plaintiff has suffered, and may continue to suffer in the future, from physical and mental anguish, embarrassment, humiliation, pain, suffering and inconvenience.

22. As a direct and proximate result of the injuries sustained, Plaintiff has suffered, and may continue to suffer in the future, shock and injury to the nerves and nervous system and has suffered, and may continue to suffer in the future, emotional distress.

23. As a direct and proximate result of the injuries sustained, Plaintiff has been deprived, and may continue to be deprived in the future, of the ordinary pleasures of life.

24. As a direct and proximate result of the injuries sustained, Plaintiff has been compelled in the past, and may continue to be compelled in the future, to expend monies for medical care and treatment, medicines and the like.

25. As a direct and proximate result of the injuries sustained, Plaintiff has suffered, and may in the future suffer, a loss of earnings and her earning power has been and/or may be diminished and lessened.

  WHEREFORE, Plaintiff Timyka Bolden demands a jury trial and judgment against Defendants, individually, jointly and severally, for compensatory damages together with lawful interest thereon and costs of suit and brings this action to recover same.

## COUNT II - NEGLIGENCE
### Plaintiff Timyka Bolden v. Defendants The Boeing Company and Boeing Commercial Airplanes

26. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 25 above as though the same were set forth more fully at length.

27. At the time and place aforesaid, Defendants, through their agents, servants, workmen, and employees, acting within the scope of their authority and within the course of their employment, were reckless, careless and negligent in inter alia:

    a.  manufacturing, designing, producing, assembling, installing, selling and/or distributing the overhead bin and its component parts that were unreasonably dangerous at the time of its original manufacture and sale;

    b.  manufacturing, designing, producing, assembling, installing, selling and distributing the overhead bin and its component parts that were unsafe and defective in its design and manufacture;

    c.  failing to properly design, manufacture, assemble, install, inspect, test, service, distribute and/or sell the overhead bin and its component parts such as the one in question;

    d.  failing to use reasonable care in the design, manufacture, inspection, testing, servicing, assembling, installing, distributing and/or sale of the overhead bin and its component parts such as the one in question;

    e.  failing to discover the defects and lack of safety in said overhead bin and its component parts;

    f.  failing to design a safe overhead bin and its component parts;

    g.  failing to design a safe alternative storage for first row passengers' items;

    h.  failing to make reasonable inspection of said overhead bin and its component parts;

    i.  failing to maintain the overhead bin and its component parts;

    j.  failing to properly install the overhead bin and its component parts;

    k.  failing to test the overhead bin and its component parts;

    l.  failing to remove the overhead bin and its component parts from service prior to departing Philadelphia International Airport on December 3, 2018;

    m.  failing to follow recommended inspection procedures;

    n.  failing to warn plaintiff and/or users of the defects in said overhead bin and its component parts;

    o.  failing to take reasonable and appropriate measures to ensure the overhead bin and its component parts were free of design and/or manufacturing and/or maintenance defects;

    p.    failing to issue repair, maintenance and/or recall notices for the overhead bin and its components;

    q.    failing to issue proper maintenance instructions;

    r.    failing to make necessary design changes to the overhead bin and/or its component parts; and

    s.    failing to comply with the Federal and State Statutes, Administrative Regulations promulgated pursuant thereto pertaining to the design, manufacture, production, sale, distribution, assembly and/or maintenance of the overhead bin and its component parts such as the one involved herein.

28. As a result of defendants' carelessness, negligence and liability producing conduct as hereinbefore alleged, Plaintiff was caused to sustain serious injuries which are permanent in nature including, but not limited to loss of left eye, left eye blindness, disfigurement, need for prosthetic eye, cosmetic injury and post-traumatic anxiety reaction and other injuries as yet undetermined.

29. As a direct and proximate result of the injuries sustained, Plaintiff has suffered, and may continue to suffer in the future, from physical and mental anguish, embarrassment, humiliation, pain, suffering and inconvenience.

30. As a direct and proximate result of the injuries sustained, Plaintiff has suffered, and may continue to suffer in the future, shock and injury to the nerves and nervous system and has suffered, and may continue to suffer in the future, emotional distress.

31. As a direct and proximate result of the injuries sustained, Plaintiff has been deprived, and may continue to be deprived in the future, of the ordinary pleasures of life.

32. As a direct and proximate result of the injuries sustained, Plaintiff has been compelled in the past, and may continue to be compelled in the future, to expend monies for medical care and treatment, medicines and the like.

33. As a direct and proximate result of the injuries sustained, Plaintiff has suffered, and may in the future suffer, a loss of earnings and her earning power has been and/or may be diminished and lessened.

WHEREFORE, Plaintiff Timyka Bolden demands a jury trial and judgment against Defendants, individually, jointly and severally, for compensatory damages together with lawful interest thereon and costs of suit and brings this action to recover same.

**LEVIN ADAMSKI, LLC**

BY: _____
**HOWARD J. LEVIN, ESQUIRE**
**BETH A. ADAMSKI, ESQUIRE**
**Attorney for Plaintiffs**
Atty. ID Nos.: 34494/205971
Two Penn Center, Suite 1400
1500 JFK Blvd.
Philadelphia, PA  19102
(215) 299-4359 (telephone)
hlevin0711@gmail.com

Dated: September 25, 2019